UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| ERIC C. DETERS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 15-1-GFVT |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| KENTUCKY BAR ASSOCIATION, | ) | **&** |
| LINDA GOSNELL, | ) | **ORDER** |
| JAY GARRETT, | ) | |
| SARAH COKER, | ) | |
| THOMAS GLOVER, and | ) | |
| STEVE PULLIAM, | ) | |
| | ) | |
| Defendants | ) | |

*** *** *** ***

Eric C. Deters is an attorney in Kentucky who has had a long and contentious relationship with the Kentucky Bar Association (KBA).  At the time his complaint was filed, he claimed that "at least 67 Bar Complaints" had been filed against him during his legal career and that he had "defeated" 61 of them.  [R. 1 at ¶ 119.]  With this number of complaints, it is no surprise that Deters has had his fair share of interaction with the Office of Bar Counsel.  Often, Deters' dealings with the KBA have resulted in litigation, both in State and Federal Courts.[1]  In past suits, Deters has challenged the constitutionality of many of the rules that he seeks to have reviewed herein, but he has never had these issues resolved in his favor.  He has filed three

---

[1]        "'Federal courts may take judicial notice of proceedings in other courts of record.'"  *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969) (citing cases), cert. denied, 397 U.S. 1065 (1970)).  Furthermore, the Court may rely upon other Court proceedings without converting a motion to dismiss to a motion for summary judgment.  *See Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816 (6th Cir. 2010) ("Although typically courts are limited to the pleadings when faced with a motion under Rule 12(b)(6), a court may take judicial notice of other court proceedings without converting the motion into one for summary judgment.")

federal suits challenging various KBA rules. *See Deters v. Davis* (*Deters I*), No. 3:11-cv-02, 2011WL 2417055 (E.D. Ky. June 13, 2011); *Deters v. Ky. Bar Ass'n* (*Deters II*), No. 3:11-cv-26, 2011WL 5837172 (E.D. Ky. Nov. 21, 2011); *Deters v. Ky. Bar Ass'n*, 1:14-cv-192 (S.D. Ohio 2014.) He voluntarily dismissed two and one was dismissed by this Court, with the decision subsequently affirmed by the Sixth Circuit. *See Deters v. Ky. Bar Ass'n,* No. 11-6524 (6th Cir. Dec. 10, 2012). He has also filed two actions in state court, one of which was voluntarily dismissed and another which was declared moot. *See Ky. Bar Ass'n v. Deters* (*Deters 2012*), 360 S.W.3d 224 (Ky. 2012); *Ky. Bar Ass'n v. Deters* (*Deters 2013*), 406 S.W.3d 812, 822 (Ky. 2013), *cert. denied*, 134 S. Ct. 965 (2014). With all this experience in hand, Deters now sues the KBA and many of its current and former employees, for compensatory, injunctive, and declaratory relief. For the reasons stated herein, the Court will **GRANT** the Defendants' Motion to Dismiss, and **DENY** Deters' Motion for Preliminary Injunction.

## I

### A

On January 5, 2015, Deters filed a combined complaint and brief with this Court, wherein he seeks "Declaratory, Compensatory and Injunctive Relief, Costs and Attorney Fees for Constitutional Violation[s] and a Trial by Jury on the 42 U.S.C. §1983 Claim." [R. 1.] Contemporaneously, he moved for a temporary restraining order and preliminary injunction wherein he asks for the Court to enjoin the Defendants from exercising their powers to object under SCR 3.410(2), including a stay against it being enforced against Deters. [R. 3.] The Court promptly held a telephonic status conference, at which time it became apparent that a temporary restraining order was inappropriate, and so the Court set a briefing and hearing schedule on the

motion for preliminary injunction and other dispositive motions.  [R. 10.]

Deters' combined complaint and brief is 63 pages long, often repetitive, and short on legal analysis.  Amidst this voluminous filing, Deters requests the following relief:

1. Deters requests a declaratory judgment **SCR 3.510(2)** is unconstitutional and for immediate injunctive relief on his Motion and this Verified Complaint.  This is the only claim on which Deters seeks injunctive relief.

2. For declaratory judgment **SCR 3.480** is unconstitutional and Deters be allowed to retire whenever he wants.

3. For declaratory judgment **SCR 3. 160(4)** be found unconstitutional and Bar Counsel not have absolute immunity.

4. For declaratory judgment, reciprocal discipline between Kentucky and Ohio be considered unconstitutional.

5. The entire structure of Kentucky bar discipline be found unconstitutional from the fact Bar Counsel is employed by the KBA who hears and decides discipline prosecuted by Bar Counsel and there are ex parte communications between and among Defendants and the Board of Governors.

6. For all compensatory damages to which Deters is entitled and for an amount exceeding the jurisdiction of this Court under **42 U.S.C. § 1983**.

7. For all costs, attorney fees and other relief to which is entitled and a trial by jury.

[R. 1 at 62 (emphasis in original).]

As noted in his motion for a preliminary injunction and again in his complaint, Deters seeks injunctive relief only as to the application of Supreme Court Rule 3.510(2) — a provision detailing the procedures surrounding an attorney's reinstatement to practice law following a suspension:

(2) If the period of suspension has prevailed for 180 days or less, the suspension shall expire by its own terms upon the filing with the Clerk and Bar Counsel of an affidavit of compliance with the terms of the suspension, which must include a certification from the CLE Commission that the Applicant has complied with SCR 3.685. The Registrar of the Association will make an appropriate entry in the records of the Association reflecting

that the member has been reinstated; provided, **however, that such suspension shall not expire by its own terms if, not later than 10 days preceding the time the suspension would expire, Bar Counsel files with the Inquiry Commission an opposition to the termination of suspension wherein Bar Counsel details such information as may exist to indicate that the member does not, at that time, possess sufficient professional capabilities and qualifications properly to serve the public as an active practitioner or is not of good moral character. A copy of such objection shall be provided to the Character and Fitness Committee, to the member concerned, and to the Registrar.** If such an objection has been filed by Bar Counsel, and is not withdrawn within 30 days, the Character and Fitness Committee shall conduct proceedings under SCR 2.300. In cases where a suspension has prevailed for 180 days or less and the reinstatement application is referred to the Character and Fitness Committee, a fee of $1500.00 shall be made payable to the Kentucky Office of Bar Admissions.

SCR 3.510(2) (emphasis added).  Deters contends the present suit is "filed for the purpose of obtaining the reinstatement of Deters to his Kentucky practice upon a finding SCR 3.510(2) is unconstitutional."  [R. 1 at 2.]

Soon after Deters filed his motion for a preliminary injunction, the Defendants filed a motion to dismiss.  [R. 14.]  Both motions have been fully briefed and earlier this year the Court heard argument.  [R. 17.]  Since the January hearing, Deters has attempted to contact the Court on countless occasions.  Impatient, Deters filed a *writ of mandamus* with the Sixth Circuit. While the Court takes Deters' request for a preliminary injunction seriously, and has attempted to sort though what are sometimes muddled legal arguments in an expedient fashion, it is important to note, as Deters has conceded, that this matter became ripe in both 2012 and 2013, and yet Deters waited until 2015 to file this action.  [*See* R. 1 at ¶ 65.]

**B**

Deters is an attorney licensed to practice law in the Commonwealth of Kentucky, where he has been so licensed since 1987.  [R. 1 at ¶ 1.]  Deters has also held licenses in Florida and Ohio since 1988.  [*Id.* at ¶¶ 2-3.]

4

**1**

For the most part, the actions complained of began in 2012.  On February 24 of that year, the Kentucky Supreme Court suspended Deters for 61 days and ordered him to complete remedial ethics training.  [R. 1 at ¶ 24; R. 14-1 at 11]; *see Deters 2012*, 360 S.W.3d at 235.  The suspension was based on a finding that Deters was guilty of four charges of misconduct occurring primarily in 2007 and 2008.  [R. 1 at ¶ 24; R. 1-4 at 3.]

On March 7, only a couple weeks into his suspension, Bar Counsel objected to Deters' automatic reinstatement pursuant to Supreme Court Rule 3.510(2).  [*Id.* at ¶ 25.]  As a result of Bar Counsel's objection to reinstatement, Deters explains that he had to apply for reinstatement, and attend a hearing before the Character and Fitness Committee.  [*Id.* at ¶¶ 26, 28.]

On April 23, Deters filed a "Verified Petition and Request for Injunctive Relief" with the Kentucky Supreme Court, challenging the constitutionality of SCR 3.510(2).  [R. 1 at ¶ 19.]  On May 23, the Character and Fitness Committee voted 3-0 to recommend that Deters be reinstated after he completed a few delineated conditions.  [R. 1 at ¶ 28; R. 1-4.]  The Board of Governors voted 13-0 not to reinstate Deters, and finally, on June 15, the Kentucky Supreme Court voted 7-0 to reinstate Deters.  [R. 1 at ¶ 28; R. 1-5 (*Deters v. Kentucky Bar Ass'n*, 408 S.W.3d 71 (Ky. 2012)).]  In so doing, the Supreme Court denied Deters Verified Petition as moot.  [R. 1 at ¶ 42.]  Deters argues that the process for reinstatement outlined in Supreme Court Rule 3.510(2) "vitiates and renders meaningless the due process received in the disciplinary process leading up to and culminating in the Kentucky Supreme Court Order."  [R. 1 at ¶ 21.]  Deters further argues that because he had to participate in this reinstatement process, he was unable to practice law in the Commonwealth for 52 days beyond his original 61 day suspension.  [*Id.* at ¶¶ 26, 29.]

Discussed more herein, this additional 52 days of suspension was addressed by the Kentucky Supreme Court in *Deters 2013*, 406 S.W.3d 812 (Ky. 2013).

## 2

On May 23, 2013, the Kentucky Supreme Court again suspended Deters for violating the Rules of Professional Conduct. *Deters 2013*, 406 S.W.3d at 814, *reconsideration denied* (Aug. 29, 2013), *cert. denied*, 134 S. Ct. 965 (2014). On October 23, just as had happened with regard to his first suspension, Bar Counsel again objected to Deters' automatic reinstatement. [R. 1 at ¶ 32; R. 1-20.] As grounds for the objection, Bar Counsel indicated that Deters did not "possess sufficient professional capabilities and qualifications to properly serve the public as a practitioner" as he had failed to comply with CLE requirements and also had "multiple disciplinary matters pending with the Kentucky Bar Association Office of Bar Counsel." [R. 1-20.] Immediately thereafter, on November 14, the KBA filed an amended objection wherein they acknowledged that Deters was in compliance with the CLE requirements. [R. 1-21 at 3.] Deters requested that Bar Counsel withdraw the objection [*Id*. at ¶ 33; R. 1-8], but they refused [R. 1-9]. Bar Counsel's objection to his automatic reinstatement triggered 60 days of reciprocal discipline for Deters in Ohio. [R. 1 at ¶ 56.] To be reinstated in Ohio, he had to first be reinstated in Kentucky. [*Id*.] In compliance with the process laid out in SCR 3.510(2), Deters again applied for reinstatement. [R. 1 at ¶ 35.] According to Deters, the process was extended. [*Id*.] While his application was pending, Deters filed a "Motion for Reinstatement" with the Kentucky Supreme Court which was denied as moot on March 21, 2014.[2] [R. 14-1 at 9.]

A pretrial conference before the Character and Fitness Committee was scheduled for

---

2       That case is *Ky. Bar Association v. Deters*, 2012-SC-666 and the docket sheet is available at http://apps.courts.ky.gov/supreme/sc_dockets.shtm.

April 8, 2014, but Deters, tired of waiting for the process to advance, instead sent a letter to the KBA wherein he withdrew his application for reinstatement and attempted to retire from the practice of law in Kentucky: "Counselors:  Effective immediately, I am withdrawing my application for reinstatement.  Effective immediately, I am retiring from the practice of law in Kentucky.  I will never ask to be reinstated in Kentucky because I'm retiring." [R. 1-10.]  Deters explains that he intended to retire to protect his bar status in Ohio and Florida.  [R. 1 at ¶ 35.]  According to Deters, he received no response from the KBA or Bar Counsel.  [R. 1 at ¶ 102.]

Months later, on November 21, 2014, at a disciplinary proceeding before the Kentucky Board of Governors (on two separate charges of misconduct), Deters learned that Bar Counsel opposed his request to retire.  [R. 1 at ¶ 103.]  Supreme Court Rule 3.480 prohibits an attorney against whom a disciplinary investigation or action is pending from withdrawing as a licensed attorney without resolution of those disciplinary matters.  Deters asks the Court to find SCR 3.480 unconstitutional.

**3**

Deters did not contest the two disciplinary matters pending against him in 2014 (which actually served as a partial basis for Bar Counsel's objection to his automatic reinstatement) and was sentenced to a thirty day suspension on each matter, with the sentences to be served consecutively.  [R. 1 at ¶ 59, 101.]  At the time of the filing of his present complaint, he had not yet received a written Order on the suspensions.  [*Id.*]  Since that time, however, the Kentucky Supreme Court has issued its written Order, *see* 2015-SC-000023-KB, 2015-SC-000025-KB, and Deters has supplemented the record with a copy of his motion asking the Kentucky Supreme Court to reconsider its decision.  [R. 21-1.]  In that Motion, Deters again challenges the fairness

7

of SCR 3.510(2).  [R. 21-1.]  Since the time of his supplementation, the Kentucky Supreme

Court has denied his motion to reconsider.[3]

## II

Deters now sues the KBA and five of its current and former bar counsel, in their

individual capacities only.  He seeks compensatory, injunctive, and declaratory relief.  [R. 1.]

Defendants move to dismiss Deters' complaint pursuant to Federal Rules of Civil Procedure

12(b)(1), and (6), and also Rule 19(b).  [R. 14 at 7.]

Federal Rule of Civil Procedure 12(b)(1) provides that a defendant may assert lack of

subject-matter jurisdiction as a defense.  A motion to dismiss under Rule 12(b)(1) is different

than a motion to dismiss under Rule 12(b)(6) because it challenges the Court's power to hear the

case before it.  When jurisdiction is challenged under this rule, the burden is on the plaintiff to

prove that jurisdiction exists.  *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125,

1134 (6th Cir. 1996).  In answering this question, the Court is "empowered to resolve factual

disputes" and need not presume that either parties' factual allegations are true.  *Id*.

In a motion to dismiss pursuant to Rule 12(b)(6), "[t]he defendant has the burden of

showing that the plaintiff has failed to state a claim for relief."  *DirecTV, Inc. v. Treesh*, 487 F.3d

471, 476 (6th Cir. 2007) (citing *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991)).  When

reviewing a Rule 12(b)(6) motion, the Court "construe[s] the complaint in the light most

favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all reasonable inferences in

favor of the plaintiff."  *Id*. (citation omitted).  Such a motion "should not be granted unless it

appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

---

[3]      The Kentucky Supreme Court's docket can be accessed at
http://apps.courts.ky.gov/supreme/sc_dockets.shtm.

would entitle him to relief." *Id.* (quoting *Ricco v. Potter*, 377 F.3d 599, 602 (6th Cir. 2004)). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). Moreover, the facts that are pled must rise to the level of plausibility, not just possibility – "facts that are merely consistent with a defendant's liability . . . stop[ ] short of the line between possibility and plausibility." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). According to the Sixth Circuit, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

## A

The Eleventh Amendment of the Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. This Amendment has been construed to protect states from suits filed by their own citizens in federal court. *Hans v. Louisiana,* 134 U.S. 1, 13–15 (1890); *Dubuc v. Michigan Bd. of Law Examiners*, 342 F.3d 610, 615 (6th Cir. 2003). In addition to protecting the state from suit, the Amendment protects state agencies and departments. *Dubuc*, 342 F.3d at 615 (citing *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984)). This bar to suit applies notwithstanding the nature of relief sought. *Pennhurst,* 465 U.S. at 100 (citing *e.g. Missouri v. Fiske,* 290 U.S. 18, 27 (1933)); *see also Ernst v. Rising*, 427 F.3d 351, 365 (6th Cir. 2005) ("When a State is sued by name in a lawsuit,

sovereign immunity bars the lawsuit regardless of whether monetary relief is sought or not…")
Put another way, the Eleventh Amendment "bars all suits [in the federal courts], whether for
injunctive, declaratory or monetary relief, against the state and its departments." *Thiokol v.
Dep't of Revenue*, 987 F.2d 376, 381 (6th Cir. 1993).

As noted by Deters [*see* R. 1, ¶ 17], the Kentucky Constitution tasks the Kentucky
Supreme Court with "govern[ing] admission to the bar and the discipline of members of the bar,"
a function which is carried out by the KBA.  Ky. Const. § 116; *Hubbard v. Kentucky Bar Ass'n*,
66 S.W.3d 684, 696 (Ky. 2001); *Mischler v. Lambert*, 2008 WL 4327444, at *5 (W.D. Ky.
2008); *see also Ex parte Auditor of Pub. Accounts*, 609 S.W.2d 682, 689 (Ky. 1980).  Due to its
relation to the Kentucky Supreme Court, the KBA is therefore immune from suit.  *Mischler*,
2008 WL 4327444, at *5 (Dismissing section 1983 claims as "[c]ourts have found the KBA and
other state bar associations to be immune from suit.") (citing *Dubuc,* 342 F.3d at 615 ("Because
they are arms of the Michigan Supreme Court for all purposes relevant to this lawsuit, the Board
and the Bar are state agencies immune from this lawsuit under the Eleventh Amendment.")); *see
also Kish v. Michigan State Bd. of Law Exam'rs,* 999 F.Supp. 958, 964 (E.D.Mich.1998) (finding
that the Board is a judicial agency of the state entitled to Eleventh Amendment immunity); *Thiel
v. State Bar of Wisconsin,* 94 F.3d 399, 401–02 (7th Cir.1996) (the State Bar of Wisconsin is a
state agency entitled to Eleventh Amendment immunity).  Accordingly, Deters'  claims against
the KBA must be dismissed.

**B**

Deters also sues Linda Gosnell, Jay Garrett, Sarah Coker, Thomas Glover, and Steve

Pulliam, all former and current Bar Counsel for the KBA.[4] While each is sued solely in his or her individual capacity, Deters' allegations all relate to actions taken within their respective capacities as Bar Counsel while acting "under color of state law." [*See* R. 1, ¶¶ 4, 5, 14, 17, 25, 30, 191.]

Correctly noted by Deters [*see* R. 1 at ¶195], protections under the Eleventh Amendment do not extend to state officials who are sued in their individual capacities. *Hafer v. Melo*, 502 U.S. 21, 31 (1991) ("We hold that state officials, sued in their individual capacities, are "persons" within the meaning of § 1983. The Eleventh Amendment does not bar such suits, nor are state officers absolutely immune from personal liability under § 1983 solely by virtue of the "official" nature of their acts.")  The fact that the Eleventh Amendment does not protect the individual defendants does not mean, however, that they are without protection.

**1**

The conduct that Deters complains of, the Defendants involvement in "Bar Counsel's prosecution of Deters on bar complaints," [*Id*. at ¶ 5] occurred while they were performing their duties as Bar Counsel.  Deters asserts however, that "[t]he actions of Defendants were not in judicial capacities of immunity."  [*Id*. at ¶ 197.]  Deters is mistaken.

When bar counsel simply enforces bar admission rules, then no immunity attaches to that behavior.  This is "premised on the Supreme Court's holding that enforcement of bar rules is not a judicial function." *Lawrence v. Welch*, 531 F.3d 364, 373 (6th Cir. 2008) (citing *Supreme Court of Virginia v. Consumers Union of United States, Inc.,* 446 U.S. 719, 734–37 (1980); *see*

---

4        According to Deters' complaint, Linda Gosnell is former Kentucky Bar Counsel, Jay Garrett is the current Chief Deputy Bar Counsel, Sarah Coker is a former Deputy Bar Counsel, Thomas Glover is the current Kentucky Bar Counsel, and Steve Pulliam is a current Deputy Bar Counsel.  [R. 1 at ¶ 5.]

*also Dubuc*, 342 F.3d at 619 n.4 (Judicial immunity found not to apply where defendants merely enforced bar admission rules.)  However, when bar counsel performs a judicial function, then they are protected by claims seeking money damages by virtue of their quasi-judicial immunity. *See Moncier v. Jones*, 557 F. App'x 407, 409-10 (6th Cir. 2014) ("The conduct Moncier alleged violated his rights occurred while Jones was performing her official role as Chief Disciplinary Counsel [of the Tennessee Board of Professional Responsibility]. Accordingly, Jones is entitled to absolute, quasi-judicial immunity from Moncier's damages claim against her personally."); *Bush v. Rauch,* 38 F.3d 842, 847 (6th Cir. 1994) ("Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune."); *Sparks v. Character & Fitness Comm. of Kentucky*, 859 F.2d 428, 434 (6th Cir. 1988) (determining an individual's qualifications and fitness for admission to practice law is a judicial act).[5]  Oddly, in arguing that he has no other remedy to avail himself of, Deters admits that he "has no financial or other remedy since **under existing law Defendants have immunity** and there has never been a 42. U.S.C.  1983 claim allowed by a Kentucky lawyer."  [R. 1 at ¶ 167 (c) (emphasis added).]

---

[5]      *See also Wang v. N.H. Bd. of Registration in Med.,* 55 F.3d 698, 702 (1st Cir.1995) ("Even assuming a level of malice and bad faith sufficient to poison the New Hampshire Board proceedings—contrary to the record evidence, as well as the New Hampshire Supreme Court decision—the Board members and its counsel nonetheless would be absolutely immune from suit, in their individual capacities, on section 1983 claims arising out of their respective judicial, quasi-judicial and/or prosecutorial functions, even though they acted 'maliciously and corruptly." ') (citing *Imbler v. Pachtman,* 424 U.S. 409, 424 (1976) and *Pierson v. Ray,* 386 U.S. 547, 554 (1967)); *Pak v. Ridgell,* 476 F. App'x 750 (4th Cir. 2012) (per curiam) ("[T]he district court properly found [assistant bar counsel] to be immune from suit for her participation in Pak's disciplinary proceedings."); *Hirsh v. Justices of the Sup.Ct. of the State of Cal.,* 67 F.3d 708, 715 (9th Cir.1995) (granting bar counsel absolute quasi-judicial immunity for their role in attorney disciplinary system); *Simons v. Bellinger,* 643 F.2d 774 (D.C.Cir.1980) (granting absolute immunity to members of the committee on unauthorized practice of law, who investigate violations, determine who is prosecuted, and direct the prosecution).

Deters complains of Bar Counsels' ability to "overrule the Kentucky Supreme Court." [R. 1, ¶ 14] in that they are armed with tools that enable them to decide, on a case by case basis, whether or not an individual attorney should be automatically reinstated to the practice of law following a suspension.  Because Bar Counsel's actions are unquestionably judicial, the above discussed immunity protects them from suit for money damages.[6]

### 2

As Defendants note in their motion to dismiss, it is not entirely clear what relief Deters seeks from each of the named Defendants.  *See* R. 14-1 at FN6.  To the extent that Deters seeks equitable relief from former bar counsel Linda Gosnell and former deputy bar counsel Sarah Coker, they are not positioned to afford him the relief that he seeks because they no longer hold positions with the KBA.  [*See* R. 1 at ¶ 191.]  Those claims are therefore moot.  *See Moncier*, 557 Fed.Appx. at 410 ("With regard to Moncier's claims for equitable relief against Jones personally, those claims are moot because Jones is no longer Chief Disciplinary counsel.")

### a

To the extent that Deters seeks prospective injunctive relief from the remaining individual defendants (Jay Garrett, Thomas Glover, and Steve Pulliam), they are protected by section 1983.  Generally speaking, Section 1983 provides a cause of action for those "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws."  42 U.S.C.A. § 1983.  Notably, in "enacting the 1996 Federal Courts Improvement Act ... Congress ... expanded

---

[6]       Alternatively, Defendants also appear to be protected by the one year statute of limitations governing section 1983 claims.  See *Collard v. Kentucky Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990) ("Accordingly, we conclude that section 1983 actions in Kentucky are limited by the one-year statute of limitations found in section 413.140(1)(a).")  As Deters admits, his claims became ripe in 2012 and 2013—far over a year before he filed his complaint in January 2015.

the ambit of judicial immunity by amending § 1983 so as to prohibit injunctive relief against a

judicial officer." *Coleman v. Governor of Michigan*, 413 F. App'x 866, 873 (6th Cir. 2011)

(quoting *Gilbert v. Ferry,* 298 F.Supp.2d 606, 611 (E.D.Mich. 2003)); *see also* Federal Courts

Improvement Act of 1996, Pub.L. No. 104–317, § 309(c), 110 Stat. 3847, 3853 (codified at 42

U.S.C. § 1983).  The text of Section 1983 now provides that "injunctive relief shall not be

granted unless a declaratory decree was violated or declaratory relief was unavailable" in "any

action brought against a judicial officer for an act or omission taken in such officer's judicial

capacity."  42 U.S.C.A. § 1983.  As discussed *supra*, this protection extends to Bar Counsel

notwithstanding the fact that they are sued in their individual capacities as they were acting in

their judicial capacities.  *See Dixon v. Clem*, 492 F.3d 665, 674 (6th Cir. 2007); *Mischler,* 2008

WL 4327444, at *5.  Furthermore, Deters has made no showing that a declaratory decree was

either violated or that declaratory relief was unavailable.  Quite to the contrary, he seeks

declaratory relief herein.  For this reason, injunctive relief is unavailable to Deters.

**b**

Deters also asks this Court to weigh in on the constitutionality of an array of Kentucky's

Supreme Court Rules by way of issuing a declaratory judgment.

> In a case of actual controversy within its jurisdiction…any court of the United States,
> upon the filing of an appropriate pleading, may declare the rights and other legal relations
> of any interested party seeking such declaration, whether or not further relief is or could
> be sought. Any such declaration shall have the force and effect of a final judgment or
> decree and shall be reviewable as such.

28 U.S.C.A. § 2201.  Neither quasi-judicial immunity nor judicial immunity serve as a bar in

actions seeking declaratory relief.  *See Supreme Court of Virginia v. Consumers Union of U. S.,*

*Inc.*, 446 U.S. 719, 736 (1980).

14

**i**

Deters charges that SCR 3.410(2) is unconstitutional as it "allows the Kentucky Bar Counsel to extend an attorney suspension Order of the Kentucky Supreme Court prior to any due process hearing for the attorney."  [R. 1 at ¶ 21.]  He asks the Court to declare SCR 3.510(2) unconstitutional and to "enjoin the [KBA] and Kentucky Bar Counsel from further blocking Deters' automatic reinstatement in Kentucky."  [R. 1 at ¶ 80.]   According to Deters, the process for reinstatement "vitiates and renders meaningless the due process received in the disciplinary process leading up to and culminating in the Kentucky Supreme Court Order" and "violates due process by giving Bar Counsel the unilateral power to extend [a] suspension and further [ ] punishment beyond that which was ordered by the Kentucky Supreme Court before a hearing."  [R. 1 at ¶¶ 21, 45.]  Bar Counsel's objection, according to Deters, is "an arbitrary, capricious, and unconstitutional gut puncher."  [R. 1 at ¶ 68.]  Of course, Defendants have a different take on this issue.  They argue that Deters need only renew his application for reinstatement (which he previously withdrew) to kick-start his review process.

This is not the first time that Deters has challenged SCR 3.510(2).  First, Deters filed suit in the Franklin Circuit Court on April 18, 2012, arguing that the rule denied him Due Process.  [R. 1 at ¶ 182.]  Deters voluntarily dismissed that action on the date it was set for hearing.  [R. 13 at 6.]  Second, Deters tried to fight this battle before the Kentucky Supreme Court.  On April 23, 2012, Deters filed a "Verified Petition and Request for Injunctive Relief" with the Kentucky Supreme Court, which challenged the constitutionality of SCR 3.510(2).  [R. 1 at ¶¶ 19; 58.]  Ultimately, however, the Kentucky Supreme Court reinstated Deters and, in so doing, denied his petition as moot.  [R. 1 at ¶ 42; 58.]  *Deters v. Kentucky Bar Ass'n*, 408 S.W.3d 71 (Ky. 2012)).]

Third, the Supreme Court discussed the rule in *Kentucky Bar Ass'n v. Deters*, 406 S.W.3d 812, 818 (Ky. 2013), <u>reconsideration denied</u> (Aug. 29, 2013), <u>cert. denied,</u> 134 S. Ct. 965 (2014). Fourth, Deters filed a complaint in the Southern District of Ohio wherein he argued that SCR 3.510 was unconstitutional. *See Eric. C. Deters v. Ky. Bar Ass'n,* 1:14-cv-192 (S.D. Ohio), Compl., Mar. 5, 2014, DN 1. The Court did not ultimately reach the question, however, because Deters voluntarily dismissed his complaint. *See id.* Most recently, Deters questioned the fairness of SCR 3.510(2) in his motion to reconsider the Kentucky Supreme Court's Order (*see* 2015-SC-000023-KB, 2015-SC-000025-KB) suspending him for 60 days. [R. 21-1.] According to Deters, there has never been a challenge to SRC 3.510(2) adjudicated on the merits. [R. 15 at 1.]

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV § 1. "Procedural due process requires that a person be afforded notice and a right to be heard before the state deprives him of a property or liberty interest." *Jahn v. Farnsworth*, No. 14-1916, 2015 WL 3938035, at *5 (6th Cir. June 29, 2015) (citing *Warren v. City of Athens,* 411 F.3d 697, 708 (6th Cir.2005)). "In reviewing an alleged violation of procedural due process, a court must first determine whether the party has identified a protected liberty or property interest, and then turn to whether the deprivation of that interest contravened notions of due process." *Id*. (citations omitted).

"Property interests ... are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support

16

claims of entitlement to those benefits." *Bright v. Gallia Cnty., Ohio*, 753 F.3d 639, 656 (6th Cir. 2014) cert. denied, 135 S. Ct. 1561 (2015) (quoting *Board of Regents of State Colls. v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701 (1972)); *see also Weiand v. Bd. of Trustees of Kentucky Ret. Sys.*, 25 S.W.3d 88, 93 (Ky. 2000) ("Property rights are created and defined by state law.")  If Deters had a protected property interest, then "the State could not deprive [him] of this property without due process." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538 (1985).

Deters' suspension arguably implicates two distinct property interests.  First**,** Deters claims a property interest in "his automatic reinstatement following his suspension from the practice of law." [R. 14-1 at 24; *see also* R. 1 at ¶ 67.]  Deters bases his belief that he has a property interest in his reinstatement on the fact that the Supreme Court provides hearings at other stages of the disciplinary process.  *See* R. 1 at ¶¶ 68, 71. Second**,** Deters also claims a "protected interest" in his law license [R. 1 at ¶ 174] although it is unclear whether he believes it to be a protected *property* interest.  According to Deters, a "license to practice law is more than a privilege.  It's a privilege that has been found to require due process." [R. 1 at ¶ 71.]  "The Defendants argue Deters law license is not a protected property interest.  It is a protected privilege." [R. 1 at ¶ 187.]  At one point in his complaint, Deters argues that "[a] license to practice law is a license which while maybe not a property right [ ] is provided due process." [R. 1 at ¶ 187.]  Notably, however, Deters fails to cite to any Kentucky case where it was held that an attorney has a property interest in their law license.[7] Because Deters could only have a

---

[7]      Deters does cite to *Inman v. Inman*, for the proposition that a law license "can be used as the basis of a spouse to be compensated for financially supporting the spouse in the effort to obtain the license."  648 S.W.2d 847 (Ky 1982).  This case does not support Deters' arguments.

property interest in his right to the reinstatement of his law license if he has a property interest in his law license, the Court will consider the latter question.

States are split when deciding whether a law license amounts to a property interest.  For example, "[t]he right to practice law in [Alabama] is constitutionally protected as a valuable property right, and no lawyer can be deprived of that right except by due process of law and upon the presentation of clear and convincing evidence of misconduct."  *Huckaby v. Alabama State Bar*, 631 So. 2d 855, 857 (Ala. 1993), on reh'g (Jan. 21, 1994) (citing *Worley v. Alabama State Bar,* 572 So.2d 1239 (Ala.1990)).  Likewise, in Tennessee, it has been held that "[a]n attorney has a property interest in her law license…"  *Durham v. Supreme Court of Tennessee*, No. 306-0459, 2007 WL 838939, at *4 (M.D. Tenn. Jan. 29, 2007) report and recommendation adopted as modified sub nom. *Durham v. Barker*, No. 306-0459, 2007 WL 838944 (M.D. Tenn. Mar. 14, 2007) aff'd sub nom. *Durham v. Johnson*, 279 F. App'x 333 (6th Cir. 2008) (citing *Greening v. Moran,* 739 F.Supp. 1244, 1251-52 (C.D.Ill.1990)).

As noted by Bar Counsel, in many states, "the right to practice law is not a property right protected by the Due Process Clause." *Maynard v. U S. Dist.Court*, 701 F. Supp. 738, 743 (C.D. Cal. 1988); *see also In re Thatcher*, 190 F. 969, 974 (C.C.N.D. Ohio 1911) ("We wholly disagree with respondent that the right to practice law is a property right, to be treated with all the incidents peculiar to property. On the other hand, we hold that it is merely an extraordinary privilege, valuable to the holder, it is true, and granted to him for life on certain conditions, upon the reasonable maintenance of which by him depends his continuance in office."); *Emmons v. Smitt*, 58 F. Supp. 869, 873 (E.D. Mich. 1944) ("[S]tate and federal courts have all held that the right to practice law is not a property right nor is it a privilege granted or defended by the Federal

18

Constitution. . . . The right to practice law is NOT A PROPERTY RIGHT."); *cf. In re Roberts*, 682 F.2d 105, 107 (2d Cir. 1982) (finding no cognizable property right to practice law in federal district court).

In Kentucky, early authority is split on whether an attorney has a property interest in his/her law license.  In the early case of *Commonwealth ex rel. Ward v. Harrington*, Kentucky's highest Court explained that "the right to practice law is not an absolute right, but a privilege only."  266 Ky. 41, 98 S.W.2d 53, 57 (1936).  Years later, in *Kentucky Bar Ass'n v. Heavrin*, in his dissent, Justice Clayton stated his belief that a law license should constitute a protected property interest:

> the right to engage in a professional practice, once earned, is a right of great value, and its loss by revocation or suspension is nearly as serious a punishment as a criminal conviction and sentence. **Without attempting to research and write a law-review article on the subject, I think the due-process rights of a respondent in a disciplinary proceeding which may result in the loss or suspension of his license to practice can be no different from those of a defendant in a criminal case**. In fine, the law under which he is being tried must be clear, and the charge must be specific.

573 S.W.2d 916, 926-27 (Ky. 1978).  Disappointedly for Justice Clayton and unfortunately for Deters, this opinion never garnered sufficient traction to become the majority view in Kentucky. As Deters is well aware, since the opinion was pronounced in his recent case before the Kentucky Supreme Court, that Court has remained steadfast in the view originally espoused in *Harrington.*

In 2013, Bar Counsel (pursuant to the authority vested to them in SCR 3.510(b)) suspended Deters for 52 days more than the Supreme Court.  Then, in a subsequent decision (related to a separate disciplinary charge) Deters asked the Kentucky Supreme Court to credit

him for the 52 days of additional suspension he had served.  In denying his request, the Kentucky

Supreme Court very directly addressed whether a license to practice law is a right or privilege:

> Moreover, it has long been the case that a license to practice law "is not an absolute right, but a privilege only." *Commonwealth ex rel. Ward v. Harrington,* 266 Ky. 41, 98 S.W.2d 53, 57 (1936). The privilege is conditioned not just on a lack of wrongdoing but also on the lawyer's proven professional capability and good moral character. And this Court is charged by the Constitution to police the membership of the bar. See Ky. Const. § 116. This the Court does largely by rule. See *id.; see also* SCR 3.010—.530. Our rules specifically contemplate that a lawyer's suspension may extend beyond the time ordered by this Court where Bar Counsel has reason to believe the lawyer is not currently qualified to practice law.

> Deters's 52 days of additional suspension in his previous case was the result of the process laid out in these rules. The suspension he has earned for the misconduct described above is solely the result of this Court's final resolution of the disciplinary proceedings for that misconduct. Deters has received due process from these proceedings. Thus, this Court concludes that Deters is not entitled to credit for any previous suspension and must serve the entire 60 days resulting from this case.

*Kentucky Bar Ass'n v. Deters*, 406 S.W.3d 812 (Ky. 2013), reconsideration denied (Aug. 29,

2013), cert. denied, 134 S. Ct. 965 (2014).

As Deters is unable to point the Court to any specific legal authority to support his

contention that he has a property interest in his license to practice law, the Court need not

proceed to consider the question of whether the he was deprived due process.  *See Jahn v.*

*Farnsworth*, No. 14-1916, 2015 WL 3938035, at *5 (6th Cir. June 29, 2015) ("In reviewing an

alleged violation of procedural due process, a court must first determine whether the party has

identified a protected liberty or property interest, and then turn to whether the deprivation of that

interest contravened notions of due process."  *Id*. (citations omitted)).

**ii**

On April 7, 2014, Deters "gave written notice to the [KBA] that he retired from

practicing law in Kentucky," but the Defendants refuse to accept his retirement.  [R. 1 at ¶ 1.]

20

As the Kentucky Supreme Court explained to Deters in a recent Order addressing his most recent

suspension, the "written notice" he supplied was not in compliance with the Kentucky Supreme

Court's rules governing an attorney's withdrawal from membership:

> We should note that Deters claims to be attempting to retire from the practice of law,
> albeit via an improper method. Deters mailed a letter to the KBA President regarding his
> retirement from the bar. As the KBA points out in its brief before this Court, this is not,
> of course, the proper method for retiring from the bar. SCR 3.480 details the procedure
> for withdrawing from bar membership. Of course, an attorney facing disciplinary charges
> may not withdraw from membership while those disciplinary proceedings are pending.
> *See* SCR 3.480(1).

*Kentucky Bar Ass'n v. Deters*, No. 2015-SC-000023-KB, 2015 WL 2340548, at *4 (Ky. May 14,

2015).  Deters now asks the Court to declare SCR 3.480(1) unconstitutional.  The rule is specific

and relatively straightforward:

> Any member who desires to withdraw from membership and is not under investigation
> pursuant to Rule 3.160(2), and does not have a complaint or charge pending against
> him/her in any jurisdiction, shall file a written motion to that effect with the Court and
> serve a copy on the Registrar and the Inquiry Commission. The motion shall be docketed
> by the Clerk. The Registrar shall, after consultation with the Inquiry Commission, within
> ten (10) days after the filing of the motion, certify in writing to the Court whether the
> movant is an active member in good standing of the Association and whether movant is
> under a disciplinary investigation by the Inquiry Commission or has a complaint or
> charge pending against him/her in this or any jurisdiction. Said motion may be granted if
> movant is an active member in good standing and has no pending disciplinary
> investigation, complaints, or charges.

SCR 3.480(1).  Deters offers no legal argument on why this rule should be declared

unconstitutional.  In fact, he only addresses this rule twice in his entire complaint- in his prayer

for relief and in Paragraph 86.  With no indication of what constitutional protection this rule

supposedly violates, nor any legal argument to support his request that the rule be declared

unconstitutional, the claim will be dismissed for failure to state a claim upon which relief may be

granted.

21

**iii**

Next, Deters asks the Court to declare the Kentucky Supreme Court rule that provides

immunity to the Office of Bar Counsel and its employees unconstitutional.  *See* SCR 3.160(4).

He argues:  "The Kentucky Supreme Court is not the legislature.  They have no authority to give

immunity to Defendants.  In addition, they have no authority to give anyone immunity under

federal law." [R. 1 at ¶ 73.]

Defendants argue that Deters is precluded from litigating this claim as he has previously

attempted to litigate the same issue.  Most specifically, in 2011, Deters sought an "Order or

Declaratory Judgment" finding "SCR 3.160(4), which affords absolute immunity to bar counsel

for claims arising out of attorney disciplinary proceedings" to be unconstitutional.  *Deters II,*

2011 WL 5837172, at *2.  In that case, the Court found that Deters claim was barred by the

*Younger* abstention doctrine.  *Id.*  Nevertheless, the Court noted in closing that Deters claim

would have failed even if it survived the threshold challenges because it failed to state a claim

upon which relief can be granted:

> …Deters does not identify any constitutional right allegedly violated by the rule granting
> bar counsel immunity; instead, the claim rests on an alleged violation of the Kentucky
> Constitution. [ ] Deters has no remedy under § 1983, because "[t]he first inquiry in every
> section 1983 case is whether there has been the deprivation of a right secured by the
> Constitution or laws of the United States." *Williams v. Bass,* 63 F.3d 483, 485 (6th
> Cir.1995) (citing *Baker v. McCollan,* 443 U.S. 137, 140, 99 S.Ct. 2689, 61 L.Ed.2d 433
> (1979)).

*Id.* *6.  This decision was affirmed on appeal.  *See Deters v. Kentucky Bar Association,* No. 11-

6524 (6th Cir. Dec. 10, 2012).

As Defendants point out, Deters present challenge is nearly identical— the only

noticeable difference being that he makes no specific reference to the Kentucky Constitution.

Deters still fails to identify a constitutional protection that this rule violates.  Furthermore, he

provides no legal support for his contention that the rule is unconstitutional.  While the Court is bound to accept the complaint's factual allegations as true, the Court  "need not accept as true legal conclusions or unwarranted factual inferences." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (quoting *Gregory v. Shelby County,* 220 F.3d 433, 446 (6th Cir.2000) (citation omitted)).  Accordingly, this claim will also be dismissed for failure to state a claim upon which relief may be granted.

### iv

Moving from the specific to the general, Deters next asks that "[t]he entire structure of Kentucky bar discipline be found unconstitutional from the fact Bar Counsel is employed by the KBA who hears and decides discipline prosecuted by Bar Counsel and there are ex parte communications between and among Defendants and the Board of Governors."  [R. 1 at 62.] Aside from his prayer for relief, Deters only addresses this claim briefly in his complaint.  [*See* ¶ 117.]  Again, Deters fails to direct the Court to a specific constitutional provision that this rule violates and, therefore, fails to state a claim upon which relief may be granted.

Defendants also note that Deters has recently been reminded by the Kentucky Supreme Court that they, not the Board Governors adjudicates guilt:

> Once this Court undertakes review of a case, it "shall enter such orders or opinion as it deems appropriate on the entire record." SCR 3.370(8). Thus, the demeanor and actions of the Board and Bar Counsel are not relevant. This Court instead decides the case de novo itself based on the record developed below. Any potential unfairness shown by a Board member or by Bar Counsel is alleviated by this Court's independent review of a lawyer's alleged misconduct.

*Kentucky Bar Ass'n v. Deters*, 406 S.W.3d 812, 819 (Ky. 2013), reconsideration denied (Aug. 29, 2013), cert. denied, 134 S. Ct. 965 (2014).

**v**

Finally, Deters asks the Court find that reciprocal discipline between Kentucky and Ohio unconstitutional.[8] [R. 1 at ¶ 91.]  Deters does not suggest, however, that he has ever been subject to discipline in Kentucky as a result of sanctions imposed in another state.  Instead, Deters complains that he has been sanctioned in Ohio and Florida as a result of his conduct in Kentucky. If this is his grievance, then his argument should be directed at the constitutionality of those states' reciprocity rules, not Kentucky's.  `

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  Deters has failed to do so with regard to this claim.  As Deters fails to plead any facts that raise a "'plausible' inference of wrongdoing," his complaint will be dismissed for failure to state a claim upon which relief may be granted.  *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

**III**

Deters acknowledges that the Kentucky Supreme Court has jurisdiction to consider and resolve the issues he raises herein, but preferred that this Court resolve the raised issues.  [R. 1 at ¶ 43.]  But forum is not the issue here.  The fundamental issue is a lack of legal viability of Mr. Deters' claims.  He understandably feels deeply about these matters as illustrated by his repeated and troubling attempted communications with this Court's chambers, which the Court has chosen to ignore.[9]  But strongly held personal views, no matter how deeply felt, are no substitute

---

8        While Deters fails to identify it, SCR 3.435 is Kentucky's rule governing reciprocal discipline.
9        Throughout the life of this case, the Court has received countless communications from Deters, either

for merit under the law.

Accordingly, it is hereby **ORDERED** as follows:

1. The Plaintiff's Motion for a Preliminary Injunction [R. 3] is **DENIED;**

2. The Defendant's Motion to Dismiss [R. 14] is **GRANTED**;

3. Deters' future communications with this Court in this case **SHALL** occur solely through the Court's docket sheet.  All future pleadings and communications in this case **SHALL** be sent to the Clerk's office, styled for this action utilizing U.S. Mail.  Deters shall **CEASE** communicating with the Court, either directly or by proxy, through facsimile, phone, or email;

4. This matter is **STRICKEN** from the active docket; and,

5. Judgment shall be **ENTERED** contemporaneously herewith.

This 14th day of September, 2015.



Signed By:

*Gregory F. Van Tatenhove*

**United States District Judge**

---

through email or facsimile, whereby he has inquired about the status of his case with progressively declining levels of professionalism and respect.  While Deters has always copied opposing counsel, the fact that Deters notified the other side of his communications does little to cure the defect of his practice as they were still deprived a proper means of responding to his commentary.